## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 20 2017, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Trenna S. Parker
Trenna S. Parker Law Office, P.C.
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

S. Matthew Cook
Stephen W. Cook
Cook & Cook
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher C. Collins,

*Appellant-Petitioner,*

v.

Shannon K. Collins n/k/a
Shannon K. Harris,

*Appellee-Respondent*

December 20, 2017

Court of Appeals Case No.
29A02-1706-DR-1184

Appeal from the Hamilton Circuit Court

The Honorable Paul A. Felix, Judge

Trial Court Cause No.
29C01-1107-DR-6479

**Crone, Judge.**

# Case Summary

[1] Christopher C. Collins ("Father") appeals the trial court's denial of his petitions to modify custody, parenting time, and child support regarding two minor children he shares with Shannon K. Collins n/k/a Shannon K. Harris ("Mother"). The sole issue presented for our review is whether the trial court abused its discretion in denying Father's requests for modification. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

[2] The evidence favorable to the court's judgment indicates that Father and Mother were formerly married and are the parents of two minor children, nine-year-old P.C. and eight-year-old E.C. (collectively "the Children"). Upon the dissolution of the marriage in 2011, and by agreement of the parties, Mother was awarded primary physical custody and sole legal custody of the Children. Father was awarded parenting time of alternating weekends and mid-week evenings.

[3] The parties' relationship is contentious, and they have since been back to court numerous times. In June 2013, the parties entered into an agreed modification order ("the First Modification") which modified the amount of child support Father paid to Mother. Father was ordered to pay $356 per week in support that would be reduced to $330 per week beginning the first Friday after P.C.'s school year started. The First Modification also required Father to pay Mother fifteen percent of the gross amount of any bonus income received by Father.

Thereafter, in July 2014, Father filed a petition to modify parenting time. In December 2014, the court entered an order ("the Second Modification") modifying the parties' parenting time and Father's child support obligation. The Second Modification provided that Father would have parenting time as the parties agreed, but not less than what is provided for in the parenting time guidelines. The Second Modification also reduced Father's child support obligation to $298.34. In May 2015, the parties entered into an agreed order ("the Third Modification") following a contempt citation filed by Mother. The Third Modification determined that Father had a child support arrearage and that he would pay additional funds toward that arrearage. The Third Modification did not change Father's child support obligation. In July 2015, in response to a contempt citation filed by Father, the trial court found that Mother was not in contempt and that Father's allegations were frivolous and without merit. The court ordered Father to pay Mother's attorney's fees in the amount of $1500.

[4] Since the divorce, the parties have both remarried. Father remarried in October 2015, and Mother remarried in September 2016. Mother's new husband has no children of his own, but Father's new wife has two children for which she has equal parenting time. Father is employed full-time with the FBI as a special agent and serves part time as a captain with the Army Reserves. When the Children were younger, Father resided outside of Indiana for periods of time due to his employment. In 2014, Father was transferred back to Indiana. Father has moved residences seven times over a span of five years. In 2015,

Father and his new wife moved to the Children's school district, and he became more heavily involved in the Children's lives.

[5] In July 2016, Father filed his current petition to modify custody, parenting time, and child support, seeking joint physical custody and equal parenting time with Mother. He also filed a petition to modify legal custody in November 2016. A guardian ad litem ("GAL") was appointed by agreement of the parties. The GAL spent over ninety hours investigating, observing, and conducting interviews. The GAL reported that Mother and Father have vastly different parenting styles. Unlike Mother, Father is very authoritarian. He imposes strict nutritional rules on the Children when they are with him, and the GAL was "alarmed" by some of the information she gleaned about the Children's food intake when with Father. Appellant's App. Vo. 2 at 117. The Children are sometimes frightened and panicked that Father will learn that they have eaten an item that Father believes is unhealthy. The GAL also found "alarming" that Father inappropriately discusses legal issues with and in front of the Children, which causes them stress. *Id.* The Children have displayed anxiety and signs of depression before and after visiting with Father. The GAL observed that Mother is a very loving parent, the Children are at ease with her, and the Children report no issues about their time spent with Mother.

[6] Although Father believes that he and Mother communicate well about the Children, Mother does not agree that they communicate well at all. She feels bullied by Father and finds the relationship strained. As far as communication is concerned, the GAL observed that the parties' "communication is not good"

and opined that this is not a family that "can succeed at this time in a 50/50 arrangement." *Id*. at 115.

[7] The trial court held an evidentiary hearing on both of Father's petitions for modification on April 24, 2017. Thereafter, the trial court entered its findings of fact, conclusions thereon, and order denying Father's requests for modification. This appeal ensued.

## Discussion and Decision

[8] Father appeals the trial court's denial of his petitions to modify custody, parenting time, and child support. Indiana appellate courts grant latitude and deference to our trial courts in family law matters. *Miller v. Carpenter*, 965 N.E.2d 104, 108 (Ind. Ct. App. 2012). Modifications of child custody, parenting time, and child support are all reviewed for an abuse of discretion. *Id*. We do not reweigh the evidence or judge the credibility of the witnesses. *Id*. Instead, we view only the evidence favorable to the trial court's judgment and the reasonable inferences that may be drawn from this evidence. *Id*.

[9] The trial court here entered findings of fact and conclusions thereon sua sponte. Pursuant to Indiana Trial Rule 52(A), we do not "set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses." The sua sponte "specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the trial court has not found, and we may affirm a general judgment on any theory supported by the

evidence adduced at trial." *Miller*, 965 N.E.2d at 108-09 (quoting *Sexton v. Sedlak*, 946 N.E.2d 1177, 1183 (Ind. Ct. App. 2011), *trans. denied*).

[10]    We reiterate and emphasize that "[j]udgments in custody matters typically turn on essentially factual determinations and will be set aside only when they are clearly erroneous." *Baxendale v. Raich*, 878 N.E.2d 1252, 1257 (Ind. 2008). The appellate court will not substitute its own judgment if any evidence or legitimate inferences support the trial court's judgment. *Id*. at 1257-58. "The concern for finality in custody matters reinforces this doctrine." *Id*.

## Section 1 – The trial court did not abuse its discretion in denying Father's request to modify physical custody.

[11]    We first address Father's contention that the trial court abused its discretion in denying his request to modify physical custody. Indiana Code Section 31-17-2-21 states in relevant part:

> (a) The court may not modify a child custody order unless:
>
> (1) the modification is in the best interests of the child; and
>
> (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8 ... of this chapter.
>
> (b) In making its determination, the court shall consider the factors listed under section 8 of this chapter.

Indiana Code Section 31-17-2-8 contains factors that the trial court must consider when making an initial custody order, namely:

(1) The age and sex of the child.

(2) The wishes of the child's parent or parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

(A) the child's parent or parents;

(B) the child's sibling; and

(C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

(A) home;

(B) school; and

(C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian ....

[12] In considering these factors, the trial court here found that there had been a substantial change in circumstances since the original custody order because: (1) both parties have remarried; (2) both parties have relocated; (3) Father relocated to Indiana and began exercising routine parenting time around December 2014; (4) the Children reside in a different home than at the time of the original order; (5) Father's wife has two children, so the Children have been introduced to new stepsiblings; (6) Father is enrolled in law school; and (7) Father now resides in the same school district as Mother and spends a great deal of time with the Children at school and at extracurricular activities. Appellant's App. Vol. 2 at 20.

[13] Father complains that the trial court found that a substantial change in circumstances had indeed occurred, yet still declined to modify physical custody of the Children and to grant him equal parenting time. However, we remind Father that a trial court "may not" modify a child custody order unless it determines that the modification is in the best interests of the child. Ind. Code § 31-17-2-21. The trial court made numerous findings which indicated that a change of physical custody/parenting time is not in the best interests of the Children. The court found that Father is overly strict with the Children, both by way of discipline and how he permits them to eat. The trial court further found that Father and his new wife openly discuss topics regarding child custody with the Children, which is detrimental and confusing to them due to their young ages. The trial court noted that the GAL did not recommend a modification of physical custody and parenting time but instead recommended

that Father maintain his current parenting time schedule. Specifically, the GAL reported that "[t]his is not a family who can succeed at this time in a 50/50 arrangement. Mother and Father are quite different in their parenting, and in their perceptions about the Children and one another." Appellant's App. Vol. 2 at 115. The GAL summarized her conclusion by saying,

> Mother is a very loving parent and the children are at ease with her. Her home is sufficient and meets the children's needs. The children report no issues at Mother's, unlike at Father's where they report problems in particular with food. The children love both parents, and both stepparents. They are clearly put in the middle of this custody matter, and I believe most of that can be attributed to Father. It is not best for them to be in a joint physical custody arrangement.

*Id*. at 118-19.

[14] There is ample evidence in the record to support the trial court's conclusion that modification of physical custody is not in the Children's best interests. Reiterating the high degree of deference that we must give to the trial court's decision, we conclude that the trial court did not abuse its discretion in denying Father's request to modify physical custody.[1]

---

[1] Father points to one particular finding of the trial court which he requests be stricken because it "could be detrimental to his employment with the FBI." Appellant's Br. at 20. So as not to exacerbate Father's concern, we will not repeat the substance of the finding here. We note that the court's finding is written as an opinion based on the evidence rather than in a conclusory manner. Because there is evidence in the record to support the trial court's finding, we deny Father's request.

## Section 2 – The trial court did not abuse its discretion in denying Father's request to modify legal custody.

[15] Father also asserts that the trial court abused its discretion in denying his request to modify Mother's sole legal custody of the Children to joint legal custody. Indiana Code Section 31-17-2-15 contains factors that are pertinent specifically to joint legal custody:

> (1) the fitness and suitability of each of the persons awarded joint custody;
>
> (2) whether the persons awarded joint custody are willing and able to communicate and cooperate in advancing the child's welfare;
>
> (3) the wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age;
>
> (4) whether the child has established a close and beneficial relationship with both of the persons awarded joint custody;
>
> (5) whether the persons awarded joint custody:
>
> (A) live in close proximity to each other; and
>
> (B) plan to continue to do so; and
>
> (6) the nature of the physical and emotional environment in the home of each of the persons awarded joint custody.

[16] This Court has previously stated that the above-listed second factor regarding communication is particularly germane to whether a joint custody arrangement is in the best interests of the child. *See Julie C. v. Andrew C.*, 924 N.E.2d 1249, 1260 (Ind. Ct. App. 2010). Father presumes that the trial court's denial of his request for modification of legal custody is based mainly upon the court's finding that "Father and Mother do not communicate well." Appellant's App. Vol. 2 at 20. He argues that there is evidence in the record to indicate that he and Mother "have the ability to communicate about the Children and have been able to do so in the past," and thus a finding that the parties do not communicate well is not supported by the evidence. Appellant's Br. at 23. However, the trial court acknowledged that while "there are examples of communication" that show that Father and Mother "can communicate[,]" this is "not their norm." Appellant's App. Vol. 2 at 20. The trial court further found that "Father typically forces Mother to bend to his will. Mother easily gives in to Father's demands in order to appease him and prevent arguments." *Id*. Father complains that the court's findings in this regard are based solely upon "Mother's uncorroborated assertions." Appellant's Br. at 22. Be that as it may, it is the trial court's prerogative to assess the weight and the credibility of the evidence presented. Father's argument is merely a request for us to reweigh the evidence in his favor, which we will not do.

[17] Moreover, Mother's assertions are hardly uncorroborated, and we disagree with Father's characterization of the evidence. The GAL's personal observations detailed in her eighty-two-page report, as well as two supplemental reports,

corroborate Mother's assertions as to Father's controlling nature, the parties' high level of conflict, and their extreme difficulty with effective communication. The trial court's conclusion that modification of legal custody is not in the best interests of the Children is supported by the evidence. The trial court did not abuse its discretion in denying Father's request to modify legal custody.

## Section 3 – The trial court did not abuse its discretion in denying Father's request to modify child support.

[18] As a final matter, we address Father's contention that the trial court abused its discretion in denying his request to modify child support. Indiana Code Section 31-16-8-1(b) provides that child support may be modified:

> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
>
> (2) upon a showing that:
>
> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
>
> (B) the order requested to be modified ... was issued at least twelve (12) months before the petition requesting modification was filed.

The party seeking to modify a child support order bears the burden of establishing that these requirements have been met. *Barber v. Henry*, 55 N.E.3d 844, 850 (Ind. Ct. App. 2016).

[19] At the last modification, Father's support obligation was determined to be $298.34 per week based on his earnings of $1488 and Mother's earnings of $1099.33. The child support worksheet revealed that Mother paid $39.74 and $163 for health insurance premiums and work-related child care. At the current modification hearing, Father reported that he now earns $2027.50 per week and, although she was recently laid off from her employment, Mother accepted a potential income of $1331.58 per week. Mother stated that she now pays $37.69 and $101.00 for health insurance premiums and work-related child care. As noted by the trial court, according to the child support guidelines, Father's current child support obligation would be $296.00.

[20] Father complains that even though he "is paying for health insurance for the Children, the trial court refused to award him credit for this expense." Appellant's Br. at 28. The trial court found that Mother had previously been ordered to, and does, carry health insurance for the Children but that "Father likely pays for a Family health insurance plan because he is remarried and has two step-children." Appellant's App. Vol. 2 at 22. The court determined that it would not credit Father for health insurance that simply "happens to cover the Children." *Id*. This determination is neither unreasonable nor an abuse of discretion.[2] We are further not persuaded by Father's unsubstantiated assertion that he is entitled to credit for the alleged overpayment of child support. In

---

[2] In his reply brief, Father speculates that Mother's ability to provide insurance for the Children may be in jeopardy because she testified that she had recently lost her job. However, the trial court was aware of this fact and Mother did not indicate that she was unable to continue providing insurance. We decline Father's invitation to speculate on this issue.

sum, Father has not met his burden to show changed circumstances so substantial and continuing as to make the previous support order unreasonable or that he has been ordered to pay an amount that differs by more than twenty percent from the amount that would be ordered by applying the child support guidelines. The judgment of the trial court is affirmed.

[21] Affirmed.

Robb, J., and Bradford, J., concur.